IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTI VITULLO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF YEADON | : | NO.  04-3929 |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                    June   21, 2006

On March 10, 2006, after a three day trial, the jury returned a $25,000 verdict for the Plaintiff in this reverse discrimination case.  After molding the verdict to include prejudgment interest, the Court entered judgment in the amount of $25,894.  Plaintiff's counsel has now filed a petition and supplemental petition for attorneys' fees totaling $95,895 and costs totaling $15,987.45.  Although the Defendant does not take issue with the rates charged by lead counsel, his associates, and paralegals, the Defendant requests a reduction in the attorneys' fees and costs, arguing that many of the hours were not reasonably expended on this litigation.

**I.  Lodestar**

The logical starting point for determining attorneys' fees is the number of hours expended multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  This calculation results in the "lodestar," which is presumptively correct but which may be adjusted should the court find such adjustment appropriate.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  In reviewing fee requests, plaintiff's counsel have the burden of showing that their fee request is proper and supported by evidence.  Id.  "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Id.

As previously mentioned, the Defendant does not object to the rates charged by Plaintiff's counsel. However, the Defendant requests that the court reduce the number of hours expended on certain activities and eliminate the time charged for other activities, altogether.

**Written Discovery**

The Defendant first argues that the hours expended by Plaintiff's counsel for preparing a Self Executing Disclosure Statement and drafting a Request for Production of Documents and Interrogatories are excessive. Plaintiff has billed 7.9 hours for the Disclosure Statement (Fee Petition, at 4-5 – 7.2 hours billed at $125/hr. and .7 hours billed at $250/hr.), and 11.2 hours for the Request/Interrogatories (Fee Petition, at 4-7 – 9.5 hours billed at $125/hr and 1.7 hours billed at $250/hr). We agree with the defense that in an uncomplicated reverse discrimination case, the hours billed for these activities is excessive.

In response to this objection, the Plaintiff's counsel notes that the Supreme Court's decision in Desert Palace has complicated the area of employment discrimination. In essence, Desert Palace held that direct evidence of discrimination is not necessary to seek a mixed motive charge. Circumstantial evidence of such discrimination is sufficient to warrant such a charge. In this case, the Plaintiff presented both direct and circumstantial evidence of discrimination. Thus, the decision in Desert Palace had little affect on the work required for the preparation of this case, especially with respect to the Disclosure Statement and discovery requests.

We will permit 4 hours for the Disclosure Statement, .7 hours billed at $250/hr and 3.3 hours billed at $125/hr.  This results in a reduction of $362.50 (from $950 to $587.50).[1] We will also reduce the time spent on the Request/Interrogatories from 11.2 hours to 6 hours, reducing the amount billed by $650 (5.2 hours at $125/hr.).

### Expert

Next, the defense takes issue with the reimbursement of time spent consulting with an unidentified expert and the fee associated with the consultation.  The Plaintiff has billed 4.3 hours relating to consultation with a vocational and economic expert (Fee Petition, at 7-13), and charged an expert fee of $1250.  (Fee Petition, at 114).  The defense notes that Plaintiff did not identify any expert during discovery, and did not call any economic expert at trial.

The Plaintiff responds that this expert's vocational and economic evaluation was utilized when Plaintiff presented her lost wages and benefits to the jury.  Having reviewed the Plaintiff's testimony regarding wage loss, we agree with the defense that consultation with this expert was not necessary.  All of the information regarding wage loss was readily available to the Plaintiff.  We will reduce the fees and costs by the amounts billed for this expert, $850 in fees (1 hour at $75/hr, .6 hr at $125/hr, and 2.7 hours at $250/hr), and $1,250 in costs.

### Fees Associated with Other Litigation

The Plaintiff's counsel have also billed for 2.4 hours expended reviewing documents regarding a separate lawsuit that Chief Molineaux brought against Yeadon.  Chief Molineaux had brought a lawsuit alleging discrimination on the basis of age.  Although the court

---

[1] We note that one of the hours billed by the associate was noted as "no charge." (Fee Petition, at 4).

ruled that Chief Molineaux's lawsuit was not directly relevant to Ms. Vitullo's claim, the Chief's case provided a basis for impeachment of his testimony. Therefore, we will not reduce the fee petition by these hours.

### Right to Know Request

The defense seeks the elimination of the hours charged by Plaintiff's counsel for pursuing a Right to Know Request to obtain the minutes of Council's Meetings. Plaintiff's counsel argues that they pursued this route rather than filing a motion to compel with this court because they believed it would be more cost-efficient. Although Plaintiff's counsel's attempt at frugality is laudable, the result was not economical, resulting in 48.5 hours billed for the Right to Know Petition.

The Plaintiff attempts to lay the blame for these hours at the feet of the defense because Yeadon failed to immediately act on the Request, and, arguably, stone-walled the Plaintiff's efforts to obtain the documents. We, however, reject the Plaintiff's argument. The Rules of Civil Procedure provide mechanisms for obtaining relevant documentation and we will not reward Plaintiff's counsel for their circumvention of those Rules. Had this court granted a motion to compel production, we believe many of the hours expended would have been unnecessary. Four hours for the drafting of such a motion would have been reasonable. The hours billed over and above that amount will be disallowed. However, we will not reduce the petition by the amount of time counsel spent reviewing the minutes of Council's meetings.

We will, therefore, reduce counsel's fees by 20.2 hours (.9 hours billed at $250/hr and 19.3 hours billed at $125/hr), for a total of $2,637.50. We will also reduce the costs associated with the Right to Know Petition, $210. (Fee Petition, at 116-17).

**Trial Documents**

The defense objects to the 53.8 hours expended by Plaintiff's counsel in preparing the documents required by my Standing Order, including proposed voir dire, jury instructions, and a pretrial stipulation.[2] Defense counsel believes eight hours or less would be more appropriate.

In response, Plaintiff's counsel presents several arguments to justify the hours billed, including the added complexity caused by the Desert Palace decision, and defense counsel's failure to just edit Plaintiff's proposals for the joint submissions, requiring additional time on the part of Plaintiff's counsel to merge the Defendant's submissions into the Plaintiff's.

Although the court is mindful of the time necessary to prepare the submissions required by my Standing Order, we believe the hours billed by Plaintiff's counsel are excessive. For example, the Plaintiff has billed 7.9 hours for the preparation of voir dire questions. (Fee Petition, at 88, 91, 95-97). The voir dire proposed by counsel consisted of 26 joint submissions, with two additional questions posed by Plaintiff to which the Defendant objected. This amounts to over 18 minutes per question. The proposed voir dire consisted of questions such as:

> Do you have any hesitation about, or disagreement with, laws that allow a person that proves that he or she was unlawfully discriminated against to be awarded damages to compensate for his or her losses that resulted from discrimination?

(Proposed Voir Dire, at 20). Reviewing the proposed voir dire, we find no justification for such an excessive amount of time and will reduce the hours.

---

[2] The 53.8 hours billed for the preparation of trial documents does not include the time spent preparing exhibits for trial. Plaintiff has billed an additional 41.9 hours for exhibit preparation.

Similarly, with respect to the proposed jury instructions, counsel has billed for 34.7 hours (1.4 hours @ $250/hr; 26.1 hours @ $175/hr; 7.2 hours @ $125/hr). There were 50 joint submissions and several other charges requested by the defense to which the Plaintiff objected. Again, we find the hours billed excessive.

We believe that a total of 25 hours for preparation of the pretrial materials is more realistic. A majority of the pretrial billing was at the rate of $175 per hour. Thus, we will deduct 28.8 hours at that rate, resulting in a reduction of $5,040.

**Trial Attendance**

Mr. Sereni's associate, Ms. Dugalic, attended the trial and has billed the hours of her attendance at a paralegal's rate of $75 per hour. Defense counsel argues that Ms. Dugalic's attendance was not necessary. Considering Ms. Dugalic's familiarity with the case, the pretrial preparation, and the exhibits, we do not believe that her presence was unnecessary. On numerous occasions during the trial, the court observed Ms. Dugalic retrieving documents and assisting in the organization of Mr. Sereni's case file. We will not reduce the fee petition for the amounts charged for Ms. Dugalic's trial attendance.

**Trial Subpoenas**

The Defendant objects to the fees and costs associated with trial subpoenas for several of the witnesses that the Defendant agreed to produce, without subpoena, including Mayor Mosley, Councilwoman Brinkley, Chief Molineaux, Joan Watts, and Mr. van de Velde. We will not disallow the fees and expenses associated with these subpoenas.

However, the defense also points out that there were several other subpoenas that were served that were completely unnecessary because the court limited the evidence to be

presented. We agree. In the Pretrial Stipulation, the Plaintiff named 88 witnesses, not including records' custodians. Thankfully, the Plaintiff did not issue 88 subpoenas. However, many of the subpoenaed witnesses were not called to testify. We will make appropriate deductions, reducing the fee petition by 8.6 hours billed for unnecessary subpoenas (3 hours @$75/hr; 5.2 hours @ 125/hr; .4 hours @$250/hr) and $320 in costs associated with those subpoenas.

### Motion in Limine

Defense counsel asks the court to exclude 14.5 hours expended by Plaintiff's counsel in responding to the Motion in Limine filed by the defense because the Defendant prevailed on the motion. We do not believe such deduction is appropriate. Although the defense did prevail on the bulk of the motion, in response to the motion, Plaintiff's counsel explained that some of the documentation the defense sought to preclude was not meant to be substantive evidence. Rather, much of the documentation was prepared only for purposes of refreshing witnesses' recollection or impeachment. We will permit this time.

### Focus Group

The Defendant next argues that the time and expenses associated with a focus group are not recoverable. We have found no rule stating that such expenses are not recoverable as a matter of law. In fact, we have found several cases specifically permitting such fees and expenses. See Confederated Tribes of Siletz Indians of Oregon v. Weyerhauser Co., No. 00-1693, 2003 WL 23715982 *8 n.12 (D.Or. Oct. 27, 2003)(citing cases permitting such fees). However, the use of such mock trial juries or focus groups appears acceptable in more complicated cases. See Majestic Box Co. v. Reliance Ins. Co. of Illinois, No. 96-8118, 1998 WL

720463 *5 (E.D. Pa. Sept. 2, 1998)(Angell, M.J.)(finding complicated nature of defense justified use of mock trial).

Hensley provides for the payment of fees reasonably expended in the suit. With this in mind, we believe that we must look to the nature and complexity of the case to determine if employment of such a focus group is reasonable. See United Steelworkers of America, Local 4776 v. Phelps Dodge Corp., No. 90-16298, 1991 WL 178115 (9th Cir. Sept. 11, 1991)(District Court has discretion to determine if the use of a focus group is reasonable considering the nature of the litigation). Here, the Plaintiff presented a straight-forward reverse discrimination claim. The evidence consisted of both direct and circumstantial evidence of discrimination. However, nothing about the case was novel or complicated. Under the circumstances, we do not believe the use of a focus group was reasonable or warranted. We will reduce the fees and costs accordingly. It appears that no attorney time was billed for the focus group.[3] However, 2.3 hours was billed by a paralegal and the Plaintiff incurred costs of $548 in relation to this focus group, which will be excluded.

### Exhibits

The defense next takes issue with the hours billed for the preparation of exhibits and the exhibit list. Defense counsel found that 41.9 hours had been expended on the exhibits. After a painstakingly meticulous review of the fee petition, we found that the total hours spent on exhibits was 57.5 (2.6 hours @ $250/hr; 20.4 hours @ $125/hr; 34.5 @75/hr) for a total of $5,787.50.

---

[3] We found one entry in which .2 hours were billed for a conference that involved numerous issues, including the focus group. (Fee Petition, at 107). However, considering the number of topics listed, we will not make any reduction for this entry.

The Plaintiff listed 258 exhibits in the list provided to the court just before trial. The Plaintiff obviously abides by the adage, "better to have and not need than to need and not have," because of the 258 exhibits listed, Plaintiff's counsel referred to only 45 exhibits during the trial. Were we to allow the total hours billed for the preparation of the exhibits, it would amount to just over $128 per exhibit. This borders on the absurd.

Rather, we will allow $1,000 for the exhibit preparation, reducing the fee petition by $4,787.50.

### Copying Costs

The Defendant objects to the $3079.60 expended on in house copying and advises the court that the defense spent a total of $434.85 on copying costs. The defense also argues that the $.20 per page charged by the Plaintiff is unreasonable. The defense asks that we reduce the amount billed for copying costs by 50%. First, we note that the judges of this bench have found that $.25 per page for copying is reasonable. See James v. Norton, 176 F.Supp.2d 385, 399 (E.D. Pa. 2001)(Schiller, J.)(citing Churchill v. Star Enters., No. 97-3527, 1998 U.S. Dist. LEXIS 6068, *29-30, 1998 WL 254080, *10 (E.D.Pa. Apr.17, 1998)).

However, as we have previously commented in reviewing the Fee Petition, the Plaintiff's counsel presented the court with an excessive number of exhibits that were never presented at trial. Similarly, the Plaintiff presented the court with a 17 page witness list containing 88 named individuals. A total of 9 witnesses were called at trial. In short over $3000 in copying costs is unreasonable. We will allow $1,500 for copying costs.

**Miscellaneous Costs**

The Plaintiff has also included the costs for courier and overnight delivery costs, court reporting costs, private investigator fees, and the cost of supplies.  It is clear that the costs relating to courier and overnight delivery costs and supplies are not recoverable.  See James v. Norton, 176 F.Supp.2d 385, 399 (E.D.Pa. 2001)(postage and courier fees not permissible); Sheffer v. Experian Information Solutions, Inc., 290 F.Supp.2d 538, 552 (E.D. Pa. 2003)(supplies are part of overhead included in hourly rate); Becker v. ARCO Chem. Co., 15 F.Supp.2d 621, 635 (E.D. Pa. 1998)(same)).

However, the costs associated with deposition court reporting is recoverable as long as the deposition was "reasonably necessary for the case." Montgomery County v. Microvote Corp., No.  97-6331, 2004 WL 1087196 *6 (E.D. Pa. May 13, 2004)(Kelly, J.)(quoting Smith v. Crown Equip. Corp., No. 97-541, 2000 WL 62314 *3 (E.D. Pa. Jan. 13, 2000)(Scuderi, M.J.)).  The Defendant does not make any argument that these depositions were not reasonably necessary.  We will permit the court reporting costs.

With respect to the investigative services, the defense argues both that costs for a private investigator are not contemplated in the governing statute and, in any event, were excessive considering the case at bar.  Private investigators have been equated with experts.  See Denny v. Westfield State College, 880 F.2d 1465, 1474 (1st Cir. 1989)(J. Breyer, concurring)("Experts' activities may involve far more than simply appearing in court; they could include helping prepare the case, and could be work that, like that of, say, a private investigator, might fall within the scope of a reasonable attorney's fee.").  Expert fees are properly recoverable by a prevailing plaintiff in employment discrimination cases.  See 42 U.S.C. § 2000e-

5(k)(permitting recovery for fees spent on experts). Therefore, we conclude that investigative services are properly an element of costs recoverable by a prevailing plaintiff in an employment discrimination suit. However, we agree with the defense that investigative fees totaling nearly $4,500 are excessive in this case. It appears from the fee petition that much of the investigator's time was spent attempting to track down the applicants for the job Ms. Vitullo was denied. We find much of the time excessive and will reduce the fee, allowing $2,000 for investigative services.

### Reduction for Limited Success

The defense also asks the court to reduce the fees based on Plaintiff's limited success at trial. The Defendant's argument is based on two things: (1) the Plaintiff's pretrial settlement demand was $150,000; and (2) she received only a quarter of the amount she sought in wage loss. We reject the Defendant's reasoning. Plaintiff presented a reverse discrimination claim and won. Although she may not have recovered all that she had hoped, we do not look at the jury's verdict as one requiring a reduction for limited success.

### Supplemental Petition for Fees

The Plaintiff's counsel have submitted a Supplemental Fee Petition for 48.1 hours (26.6 hours @ $175/hr; 3.5 hours @ $250/hr; .4 hours @ $75/hr; 17.6 hours @ $125/hr) to prepare the response to Defendant's Motion for Judgment as a Matter of Law or Remittitur.[4] Notwithstanding Plaintiff's counsel's reply to the Defendant's objection, a bill for 48.1 hours, totaling $7,760 for a 2½ page response and a 14 page memorandum of law is unreasonable.

---

[4] Although the Plaintiff filed a Motion for Prejudgment Interest after the trial had concluded, the hours attributable to that filing were included in the original Fee Petition.

The defense suggests that 12 hours at the blended rate of $150 per hour would be reasonable. We agree. Therefore, we will reduce the $7,760 fees contained in the Supplemental Fee Petition to $1,800.

The Defendant does not object to the $100.90 in costs listed in the Supplemental Fee Petition.

### Conclusion

The Plaintiff's counsel has presented a Fee Petition and Supplemental Fee Petition seeking a total of $95,895 in fees, and $15,987.45 in costs. For the reasons set forth in this Memorandum, the court will reduce the fees by $21,435, and will reduce the costs by $6,771.70. This results in an additional award of $74,460 in fees and $9,215.75 in costs.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTI VITULLO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF YEADON | : | NO. 04-3929 |

**O R D E R**

AND NOW, this 21 day of June, 2006, upon consideration of the Plaintiff's Petition for Attorneys' Fees and Costs, the Supplemental Petition, the responses by the defense, and the Plaintiff's replies, IT IS HEREBY ORDERED that the Petition for Attorneys' and the Supplemental Petition are GRANTED WITH MODIFICATION.

1. Plaintiff is awarded $ 74,460 in attorneys' fees.

2. Plaintiff is awarded $ 9,215.75 in costs.

BY THE COURT:

/s/ Jacob P. Hart
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE